948 So.2d 374 (2007)
Essie Viola JACKSON, Plaintiff-Appellant,
v.
WARE YOUTH CENTER, Defendant-Appellee.
No. 41,830-WCA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
Essie Viola Jackson, Pro Se.
Hudson, Potts & Bernstein by Jan P. Christiansen, Monroe, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
LOLLEY, J.
This appeal arises from the Office of Workers' Compensation, Parish of Caddo, State of Louisiana, which granted summary judgment in favor of the employer after plaintiff, Essie Jackson, sought compensation for disability alleging an occupational disease. For the following reasons, we affirm.

FACTS
Plaintiff, Essie Jackson, worked for Defendant, Ware Youth Center, as a security officer from approximately September 2000 through May 2002. In June 2005, she filed a disputed claim for compensation asserting that over a period of time she had become permanently and totally disabled as a result of exposure to fumes, as well as aggravation and stress. Ware Youth Center filed a motion for summary judgment arguing that Jackson's claims for benefits had prescribed, there was no showing of a worker's compensation accident, and Jackson's description of her problems did not meet the definition of a worker's compensation occupational disease. Jackson responded with an opposition and included certain records, the most relevant being an August 2005 letter from Dr. Wyche Coleman, Jr., that stated in part:
This is to document that Ms. Jackson was hospitalized at CHRISTUS Coushatta Health Care Center from 5-23-02 until 5-28-02 with pneumonia. Patient has a subsequent diagnosis of intrastitial fibrosis. Ms. Jackson states that at the *375 time of admission in 2002 she had been subjected to severe cold at work. The extreme cold at work could have worsened her pneumonia symptoms during that period of time.
At the hearing on the motion for summary judgment, Ware Youth Center argued that Jackson's claim had prescribed, Jackson's getting pneumonia from cold air conditioning did not meet the definition of an accident, and Jackson's complaint did not meet the definition of an occupational disease. Although the workers' compensation judge ("WCJ") noted testimony is not allowed on a motion for summary judgment, the WCJ allowed Jackson to state that she waited until 2005 to file her claim because she did not learn that her problems, including intrastitial fibrosis, might have been work-related until May 2005. At the conclusion of the hearing the WCJ granted the motion for summary judgment, stating in pertinent part:
In this case the claimant has contended she was diagnosed with intrastitial fibrosis and/or pneumonia. She also had noted for the record that she worked as a security officer. The court cannot find that pneumonia and/or intrastitial fibrosis is due to causes and conditions characteristic of or peculiar to being a security officer.
Jackson appeals that judgment.

LAW AND DISCUSSION
A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiff's claim, thereby shifting to the plaintiff the burden of presenting evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966(B)(2). Appellate review of the grant of summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.04/14/04), 870 So.2d 1002.
In the instant case, Ware Youth Center successfully shifted the burden to Jackson by pointing out the prescriptive period and that Jackson had not described either an accident or an occupational disease under the Workers' Compensation Act. After a careful review of the record, we agree that Jackson's alleged medical problems cannot be characterized as an "accident."
Under the provisions of La. R.S. 23:1021.1, an "accident" means:
An unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. (Emphasis added.)
Furthermore, to carry her burden Jackson had to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proving an occupational disease at trial. The provisions of La. R.S. 23:1031.1(B) state that:
An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, *376 spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section. (Emphasis added.)
As previously noted, the WCJ could not find that pneumonia and intrastitial fibrosis were due to causes and conditions characteristic of or peculiar to Jackson's employment with the Ware Youth Center. Thus, the WCJ essentially found that the medical problems asserted by Jackson did not meet the definition of an occupational disease as set forth above. Under our de novo review, we find no error in the trial court's ruling.
We note in particular that Dr. Coleman's August 2005 letter only points out that Jackson had pneumonia in May 2002, speculates that extreme cold at work could have worsened her pneumonia symptoms during that period of time, and lastly that Jackson subsequently had a diagnosis of intrastitial fibrosis. These statements establish neither a genuine issue of material fact with respect to a work-related accident, nor a genuine issue of material fact with respect to an occupational disease. Accordingly, we conclude both that Jackson failed to produce the necessary factual support to show that she would be able to satisfy her evidentiary burden of proof at trial and there is no genuine issue of material fact in this case.

CONCLUSION
For the foregoing reasons, the judgment is affirmed at Essie Jackson's costs.
AFFIRMED.